### NETTIE R. ASHLEY, EXRX., v. JEMIMA N. HULL.

1. NECESSARY PARTIES TO A PROCEEDING IN ERROR TO REVERSE AN ORDER OF SALE OF THE COMMON PLEAS.
   On a petition in error to reverse an order of the court of common pleas, confirming a sale of real estate, based upon a decree of the circuit court ordering such sale and providing that the proceeds be applied to the payment of the costs, then to the payment of judgment debts, and the balance to the executrix of the owner of the real estate—at which sale the judgment creditor was the purchaser: *Held*, that the executrix and the judgment lien holder, who is also the purchaser of the property, are the only necessary parties to the proceedings in error.

2. IT WILL NOT BE PRESUMED THAT A DECREE WILL BE REVERSED.
   It will not be presumed that the decree of the circuit court ordering the sale will be reversed, and until reversed, proceedings in error in the Supreme Court for that purpose will not affect such decree.

3. COSTS OF SALE NOT HAVING BEEN PAID BY JUDGMENT LIEN HOLDER, EFFECT.
   The facts that the costs of the sale were not paid by the judgment lien holder cannot be objected to by the executrix.

4. PROCEEDINGS IN ERROR WORK A STAY OF EXECUTION.
   The proceedings in error to the Supreme Court, work a stay of execution of the decree of sale, as against the executrix, and the sale should therefore be set aside.

ERROR to the Court of Common Pleas of Licking county.

ADAMS, J., (orally).

The case of Nettie B. Ashley, as executrix v. Jemima N. Hull, is here on error. The plaintiff in error asks a reversal of the judgment or order of the court of common pleas confirming the sale of certain real estate made to the defendant, Jemima N. Hull. It is claimed that the court of common pleas erred in overruling the motion to set aside this sale, and in confirming the same, on several grounds: That the purchaser, Jemima N. Hull paid no part of the consideration money down;

that she paid none of the costs, but that the costs were paid by the receiver appointed in this case out of funds in his hands arising out of the rental of this real estate. The further claim is made on behalf of the plaintiff in error that she as executrix of James T. Bosley, has filed her petition in error in the Supreme Court of the state to reverse the judgment of the circuit court, which was the basis for this order of sale resulting in the sale to Jemima N. Hull.

The merits of this case were decided or determined by the circuit court at a prior term, something over a year ago; and in that case the circuit court held that a deed from James J. Bosley to Madison Pavey was without consideration, and given to hinder, delay, and defraud creditors. They further found that Jemima N. Hull was the owner of several judgments against James J. Bosley; that she had liens on this property, and entitled to the benefit of those judgments to the extent of two-thirds of the amount of those judgments. The circuit court ordered this conveyance from Bosley to Madison Pavey set aside, and the property sold. It provided that the proceeds of the sale should be applied, First: To the payment of costs; Second: To Jemima N. Hull, the amount found due her, and Third: That the residue be paid to Nettie B. Ashley as executrix of the last will and testament of James J. Bosley, deceased.

So far as this court at this term is concerned, the decree of this court rendered at a former term stands in its entirety. This court cannot and will not anticipate that the Supreme Court will find that that decree is erroneous and reverse it, although that may be the result. But, so far as this court, and the court of common pleas is concerned, the former decree of the circuit court in the case of Atherton v. Hull, as it was then styled, is a final decree, still in full force, not reversed and unmodified.

It is evidenced from the decree rendered by the circuit court at a former term that the circuit court found, as a matter of fact and as a matter of law, that Nettie B. Ashley, as executrix, had an interest in this property; because the decree of the court is, on distribution, that the residue, after the payment of the claim due to Mrs. Hull, should be paid to her, as executrix, to be by her administered according to law. That is important in two respects in the contention before the court now. Counsel for defendant in error have a motion to dismiss this proceeding in error for want of necessary parties, the only parties to this proceeding in error being the plaintiff in error Nettie B. Ashley, in her representative capacity as executrix of James J. Bosley, and Jemima N. Hull. It is apparent from this decree that on the sale to Jemima N. Hull the only parties interested in this sale are the judgment lien-holder (Jemima N. Hull) who is also the purchaser, and Nettie B. Ashley, executrix; because Nettie B. Ashley, as executrix, is to get the entire surplus after payment to Jemima N. Hull of the amount of her judgment. So that we hold that the necessary parties are before this court, and the motion to dismiss is overruled.

So far as this motion is concerned that these costs were not paid by Jemima N. Hull, but were paid by the receiver, we think that is a matter that Mrs. Ashley cannot take advantage of. If the receiver has paid out in costs money that he was not authorized to pay by the order of the court, that would be a matter to be determined when the receiver comes to file his report to the court, and on the approval or disapproval of his account. So long as the costs are paid by some one, it makes no difference to Nettie B. Ashley, as executrix, whether they are paid by Jemima N. Hull or by anybody else.

The ground of error principally relied upon here by counsel for plaintiff in error is that Nettie B. Ashley having prosecuted error to the Supreme Court, that that worked a stay of execution on the judgment of the circuit court. He relies upon sec. 6718 and 6721 Rev. Stat. Counsel on the other side say that Nettie B. Ashley, as executrix, has no real interest in the controversy in the Supreme Court. An examination of this record shows that the error complained of in the Supreme Court is on the facts as found by the circuit court, that there was error in upholding the Hull judgment to the extent of two-thirds of it. That only one-half of it should have been held to be a valid lien on this real estate on the facts as found by the circuit court.

The circuit court had already found that any surplus after Mrs. Hull is paid should go to Nettie B. Ashley as executrix. If in the Supreme Court the contention of Nettie B. Ashley should be sustained, and this amount found to be due Mrs. Hull be reduced from two-thirds of her judgment to one-half of her judgment, that would increase the surplus that would be coming to Nettie B. Ashley as executrix after the payment to Mrs. Hull. So that as executrix, under the decree of the circuit court, she has a real interest in the controversy in the Supreme Court in having that judgment reversed. It may be true that, individually, either as devisee or the heir at law of James J. Bosley, she may finally have a personal interest; it may be true that Madison Pavey has an interest in the reversal of that judgment. It is further said that the circuit court has already determined this matter as the stay of execution. The decree rendered in February, 1897, contains this provision: "Stay of execution of the within judgment allowed on the defendants, or either of them, giving an undertaking to Jemima N. Hull conditioned according to law, and with surety or sureties to be approved by the clerk of the circuit court of Licking county, in the sum of $2,000." That requirement of the bond of two thousand dollars, as we think, would only apply to those defendants, or either of them, who were not exempt by law from giving a bond in order to work a stay of execution. So that brings us to the question of these two sections of the statute, and whether they apply. Section 6718, Rev. Stat., provides how execution of judgment may be stayed. The first part of it says: "When it directs the sale, or delivery of possession, of real property." The balance of that paragraph relates only to the delivery of possession; that is, the language would apply only to the delivery of possession; but the first part is explicit that "when it directs the sale," * * * "of real property." Section 6721, Rev. Stat., says: "Executors, administrators, and guardians, who have given bond in this state, with surety, according to law, shall not be required to give the undertaking mentioned in section sixty-seven hundred and eighteen." We think that provision of the statute is plain. The evidence introduced in the bill of exceptions on the hearing of this motion shows that Nettie B. Ashley, as executrix, had qualified in the probate court of this county by giving bond, with surety, as provided by law. We think she is brought within the provisions of sec. 6721 and 6718, Rev. Stat., and that the judgment confirming this sale is erroneous for that reason. It is erroneous because of the filing of the petition in the Supreme Court, and the service of summons in error stayed the execution; and the judgment of the court of common pleas is reversed for that reason.

Kibler & Kibler, for plaintiff in error.

J. A. Flory, for defendant in error.